## Campbell's Estate

*Vandersloot & Vandersloot,* for exceptants.
*John W. Heller, 3d,* contra.

NILES, P. J., October 23, 1935. — Charles Oberdorff was an inmate of the York County Almshouse at the public charge from April 24, 1924, to April 11, 1934, the date

of his death. There was then owing the York County Poor District for the expenses of his support and maintenance at the rate of $3 per week the sum of $1,554, none of which was paid. He owned no real estate or personal property, and had no means of reimbursing the York County Poor District for his support other than the income bequeathed by the will of Mary A. Campbell, probated August 9, 1924, in which Henry E. Druck was nominated as executor, and to whom letters testamentary were issued by the register.

The will of Mary A. Campbell provided: "I authorize and direct Henry E. Druck, executor herein appointed, to sell and convert into cash all my estate, real and personal, at public or private sale, in his discretion, and the proceeds arising therefrom I dispose of as follows: . . . Fourth: The remainder shall be held by Henry E. Druck, executor of this will, in trust to invest the same and apply the income for the benefit of my son, Charles Oberdorff, during his natural life."

The executor filed a first and final account June 23, 1934, which was absolutely confirmed August 16, 1934. He charged himself with the balance on the first account $2,206, the principal fund, and with accumulated income of $882.40, being the interest on the principal at five percent from April 1, 1926, to April 11, 1934. He credited himself with items amounting to $640.76, without dividing them between principal and income. J. E. Vandersloot, Esq., attorney for Henry E. Druck, trustee, and John W. Heller, 3d, Esq., attorney for the York County Poor District, entered into an agreement that the auditor to be appointed to distribute the balance from the trustee's account should determine which of the credits of the account were to be charged to income and which to principal, and which to be proportioned between the same, and in what proportions. George S. Love, Esq., was appointed auditor on September 4, 1934, and filed his report on April 29, 1935, in which he awarded to the York County Poor District $619.84 out of the accumu-

lated income in partial satisfaction of its claim against Charles Oberdorff for maintenance. Mr. Vandersloot, as attorney for the trustee and remainderman, filed exceptions thereto May 2, 1935, on the ground that an undue proportion of the expenses was charged against the corpus, on the theory that the income and not the principal of a trust fund must bear the expenses of administering it. The items regarding which the exceptions were persisted in amounted to $413.20, to wit: Clerk of the courts for filing account, $8.04; accountant's commissions, $110.30; counsel fee, $178.57; costs of audit, $116.29; making a total of $413.20. All other exceptions were abandoned at the argument.

It may well be that where the only purpose of an audit and the administration expense relates to the ascertainment or administration of the income, the income should bear the expense. In this case the necessity for the audit and the management and protection of the fund were referable both to the income and the principal. The auditor concluded under all the circumstances revealed that the clerk's fees, accountant's commission, counsel fees, and the costs of audit should reasonably be charged in the proportions which the total principal and the total income bear to the total gross charges. Upon this theory the auditor awarded $8.04 for the clerk's fee of $11.25 to be paid out of the principal, and $3.21 to be paid out of the income. On the same theory he ruled that the accountant's commission, $154.42, should be charged $110.30 against the principal, and $44.13 against the income. The auditor makes the same distribution regarding the counsel fee of $250, which covered the whole services of counsel from 1926 to the present. He charged $178.57 thereof against the principal and $71.43 against the income. The costs of audit are similarly disposed of; $116.29 is charged against the principal and $43.21 against the income.

The only exceptions pressed are to the auditor's apportioning the expense as above indicated. So far as re-

194

vealed by the record the action of the auditor in regard to these items seems equitable and just.

And now, October 23, 1935, the exceptions filed May 2, 1935, on behalf of Henry E. Druck, trustee, Cora E. Palmer, executrix of the estate of Henry E. Druck, deceased; and Florence Gibbons, Charles R. Druck, Mrs. Mary E. Smyser, Mrs. Emma J. Gable, Daisy Rudisill, and Cora E. Druck Palmer are dismissed; and the report and schedule of distribution of the auditor filed April 29, 1935, are approved and confirmed.